UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>V.<br><br>RONALD W. ZENGA<br><br>Defendant. | Cr. No. 19-112- JJM-LDA |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America hereby files its sentencing memorandum. For the reasons set forth below, the Court should impose the maximum sentence of life imprisonment, followed by a term of lifetime supervised release, and an order of restitution.

**INTRODUCTION**

Defendant Ronald Zenga committed some of the most heinous crimes ever prosecuted in this district. He abused the most sacred trust a human being can be given, responsibility for the health and well-being of another living soul, his own child. Instead of using the many gifts, opportunities, training and experience he was blessed with to nurture and protect, he chose to de-humanize and abuse that life in furtherance of his own perverted sexual deviancy. His criminal conduct spanned nearly a decade, and occurred in multiple locations throughout the world. For both the protection of the

1

general public and the safety and security of his primary victim, this defendant must never have the freedom and opportunity to commit further crimes.

## APPLICABLE LAW

The Presentence Report ("PSR") calculates the sentencing guideline range applicable to the defendant as life imprisonment, and the statutory maximum sentence on Count One is also life. Counts Six and Seven each carry mandatory minimum sentences of five years and maximums of twenty years, while Count Eight carries a maximum sentence of ten years. Very few federal offenses mandate a minimum term of ten or more years imprisonment— evidence of Congress' intent that offenders like the defendant who abuse children and share child pornography for their own sexual gratification should receive punishments among the most severe imposed by federal courts. Fewer still result in a guideline range of life; this case is among them, and deservedly so.

As in every case, the Court is required to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in Title 18, United States Code, Section 3553(a). That sub-paragraph sets forth the purposes as:

(A)  to reflect the seriousness of the offense, to promote  respect for the law, and to provide just punishment for the offense;
(B)  to afford adequate deterrence to criminal conduct;
(C)  to protect the public from further crimes of the defendant; and
(D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

See 18 U.S.C. §3553(a).

In this case, only a life sentence is sufficient to achieve those goals.

## **THE NATURE AND CIRCUMSTANCES OF THE OFFENSE**

"There can be no keener revelation of a society's soul than the way in which it treats its children. Given the statistics surrounding child pornography, we are living in a country that is losing its soul." United States v. Cunningham, 680 F.Supp.2d 844, 847 (N.D. Ohio, 2010). The details of the defendant's offense conduct are provided in the PSR and are so disturbing and graphic they need not be repeated here. He abused his victim for nearly all her life. His conduct exemplifies the horrific intersection of child sexual abuse and child pornography. While sharing child pornography and engaging in sexually explicit chats, the defendant sexually abused his own child and invited strangers to join. The sentence the Court imposes in this case is society's response to that conduct.

This case is a stark reminder of the link between possession of child pornography and child sexual abuse which the Supreme Court saw when it stated that "[t]he distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children." New York v. Ferber, 458 U.S. 747, 759 (1982). "By possessing, receiving and distributing child pornography, defendants collectively create the demand that fuels the creation of the abusive images." In re: Amy Unknown, 701 F.3d 749, 773 (5th Cir. 2012). Recent literature has indicated that the link between possession of child pornography and hands-on offenses is likely significantly more common than earlier studies suggested. See, e.g., Hirschtritt et al, *Risk Assessment*

3

*of Online Child Sexual Exploitation Offenders*, J. Am Acad. Psychiatry Law 47:155-64 (2019).[1]  "In summary, the available evidence suggests that individuals with an index online offense may have undetected prior contact offenses."  Id. at 160.

The amount of child pornography trafficked on the internet by the defendant and others is staggering.  A 2018 Study published by ECPAT International and Interpol noted there are more than 1 million media files of child sexual exploitation and abuse materials in the International Child Sexual Exploitation (ICSE) Database.  *Towards A Global Indicator on Unidentified Victims in Child Sexual Exploitation Material* (2018).[2]  Almost 50% of the files portray child victims that have been identified by law enforcement, while the remainder depict unidentified children.  Over 60% of the unidentified victims are prepubescent.  Id.  The study found a link between the age of the child on and the severity of the abuse.  When victims were younger, the abuse was more severe.  Id.

Sadly, this reality has been confirmed by the defendant's child pornography collection, which included prepubescent victims, and his own hands-on conduct. It has also been seen in recent cases in this district, including other similar defendants such as Jordan Monroe (Cr. 16-55-WES), David Crisostomi (Cr. 12-166-JJM), Jay Gaccione (Cr. 17-4-JJM), and Thomas Goodman, (Cr. 18-141-JJM).  Each were deeply involved in

---

[1] Available at https://pubmed.ncbi.nlm.nih.gov/30988020/
[2] Available at https://childrens-rights.digital/hintergrund/index.cfm/topic.324/key.1534

online child sexual exploitation materials through the viewing of child pornography, each had access to children living in their home, and each were convicted of hands-on offenses discovered only as a consequence of their online behavior. As shown below, each received severe sentences that were effectively life imprisonment.

## THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Zenga's personal history and characteristics render his crimes all the more inexplicable. While he claims to have suffered an incident of abuse as a child (and the government has no evidence to dispute it), in many respects he has enjoyed a life far more privileged than most people, let alone criminal defendants.  He was raised in a loving family.  He is well educated.  He travelled the world.  He had a successful and rewarding career in the United States Navy, including as a commissioned officer. Most importantly, he had a loving wife and daughter. And yet despite these privileges, he chose to spend his life destroying the people closest to him. He immersed himself in the world of child pornography, engaged in sexually explicit chats with other pedophiles and encouraged the sexual abuse of minors.  All while he himself was a hands-on sex offender.  Ultimately, sexual attraction to minors and a willingness to act on his predatory desires *are* his characteristics.

## THE NEED TO PROVIDE JUST PUNISHMENT, PROMOTE DETERRENCE, AND PROTECT THE PUBLIC FROM FUTHER CRIMES OF THE DEFENDANT

This defendant has demonstrated through his conduct that no one is safe to be around him. The public must be protected from him for as long as legally possible.

5

More importantly, his minor victim must receive the peace of mind that he will never be free to bother her again. One of the many disturbing aspects of this case is the defendant's intimate and extensive knowledge of the harm cause by child sexual abuse. He knew the stress and anxiety that resulted from the fact that his wife's sexual abuser was parole eligible. He would "support" her in opposing her abuser's release. At the same time, he was exploiting the trust of his own family engaging in the same predatory behavior he knew was so destructive. It defies explanation and is beyond our ability to rehabilitate. The only solution is forcible separation from society for the rest of his life. His victim should not have to live with the fear that someday, somewhere, even many years from now, she might encounter him. This Court can ensure that she never does.

## THE NEED TO AVOID UNWARRANTED SENTENCING DISPARITIES

As noted above, there have been a disturbing number of production of child pornography cases in this district in recent years. The Courts have appropriately sentenced those defendants to significant prison sentences which were effectively life, or near life sentences. For example:

- United States v. Goodman Cr. 18-141-JJM (production and possession of child pornography): 260 years (statutory maximum, consecutive as to each count);
- United States v. Gaccionne Cr. 17-4-JJM (production, possession and distribution of child pornography): 180 years (statutory maximum, consecutive as to each count);

6

- <u>United States v. Crisostomi</u> Cr. 12-166-JJM (production, possession and distribution of child pornography): 35 years.
- <u>United States v. Monroe</u> Cr. 16-155-WES (production and possession of child pornography): 40 years.

This defendant's conduct is at is equally deserving of a maximum sentence, both as punishment and to protect the public from further crimes by him.

## VICTIM IMPACT

Written impact statements were submitted by the minor victim and her mother and are included as part of the PSR.  Additionally, supplemental statements were submitted to the Probation Office on September 8, 2021.  The victim does not wish to speak at the sentencing, but instead has requested the undersigned read the victim impact statement to the Court on her behalf.

## RESTITUITON

Restitution is mandatory in this case, pursuant to 18 U.S.C. §2259, "regardless of the either the defendant's ability to pay or the victim's receipt of compensation from some other source." <u>United States v. Chiaradio</u>, 684 F.3d 265, 284 (1st Cir. 2012); <u>see also</u> <u>United States v. Kearney</u>, 672 F.3d 81, (1st Cir. 2012).  The Court shall determine the full amount of the victim's losses and order restitution in the amount that reflects the defendant's relative role in the causal process that underlies that victim's losses.  Here

the defendant is the sole cause of the victim's losses and is completely responsible for the harm.  He should be ordered to pay the full amount requested.[3]

## CONCLUSION

For the reasons set forth herein, the government respectfully requests that the Court sentence the defendant to life imprisonment, a term of lifetime supervised release, and full restitution.

    Respectfully submitted,

    RICHARD B. MYRUS
    Acting United States Attorney

By:   s/ John P. McAdams
       John P. McAdams
       Assistant U.S. Attorney

---

[3] In addition, to the defendant's hands-on victim, there were hundreds of images of child pornography victims on the defendant's devices.  Those images were submitted to the National Center For Missing and Exploited Children (NCMEC) for further identification, but the response has not yet been received.  NMCEC reports have been substantially delayed since the onset of the pandemic.  No requests for restitution have been received by the government to date.

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 8, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

            By:  s/ John P. McAdams
                John P. McAdams
                Assistant U.S. Attorney